UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TRACEY HALSELL, A/K/A
TERRELL JORDON

    Plaintiff,

vs.

PEOPLEREADY INC., et al.,

    Defendants.

Case No. 1:23-cv-405

Barrett, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

On May 24, 2023, Plaintiff filed his pro se complaint in the Hamilton County Court of Common Pleas alleging sex discrimination (sexual harassment) under Title VII and genetic information discrimination under the Genetic Information Nondiscrimination Act ("GINA"). Defendant timely removed the action to this Court and filed a motion to dismiss.[1] (Doc. 7).

<u>Motion to Dismiss</u>

At the time Plaintiff filed his initial complaint in state court, he attached a copy of the Dismissal and Notice of Rights letter he received from the EEOC. The letter is dated December 9, 2021, and advises that any lawsuit to pursue federal rights "must be filed WITHIN 90 DAYS" or else Plaintiff's right to sue based on the charge "will be lost." (Doc. 1 at 3). Defendants argue that this action is time-barred and should be dismissed with

---

[1] The Court notes that this case has been deemed to be related to another case with the same case caption, 1:21cv 763, which was dismissed by the Sixth Circuit Court of Appeals for failure to prosecute.

prejudice for failure to state a claim upon which relief can be granted. The undersigned agrees.

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), plaintiffs' complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). While a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678(citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*. at 557.

A Title VII plaintiff must file a civil action within 90 days of receiving a notice of dismissal and right to sue letter from the EEOC. 42 U.S.C. 2000e-5(f)(1); 42 U.S.C. 2000ff-6(a)(1) (GINA claims subject to same procedures and remedies as Title VII claims); *Harris v. Lee*, No. 13-151-DLB, 2014 WL 1612698, *3 (E.D. Ky. April 22, 2014) (under Title VII and the GINA, once a plaintiff receives a right to sue letter from the

2

EEOC, he has 90 days to file his civil action in district court). Under Fed. R. Civ. P. 6, three days are added to this 90-day period. Further, "the Sixth Circuit allots two days for postal delivery of a [right-to-sue] notice beyond the three-day period allowed by Federal Civil Rule of Procedure 6(e)." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.,* 209 F.3d 552, 558, n.9 (6th Cir. 2000).

Here, the undersigned agrees that Plaintiff's complaint is time-barred. The EEOC issued Plaintiff a right-to-sue letter on December 9, 2021. Plaintiff did not file his complaint in the Hamilton County Court of Common Pleas until May 24, 2023, well beyond the 90-day filing period. Because Plaintiff failed to bring his discrimination complaint within 90 days, the complaint is time-barred. See, e.g*., McGhee v. Disney Store*, 53 Fed. Appx. 751, 752-53 (6th Cir. 2002) (affirming the district court's dismissal of the plaintiff's discrimination complaint because the plaintiff filed four days after the expiration of the 90-day filing period); *Green v. Central Ohio Transit Authority*, No. 2:13-cv-41, 2013 WL 4479093, *4 (S.D. Ohio Aug. 20, 2013) (granting dismissal under Rule 12(b)(6) where complaint filed one year after EEOC issued right-to-sue letter).

Vexatious Litigator Status

On March 23, 2023, Judge Litkovitz recommended Plaintiff be declared a vexatious litigant noting that the case before Judge Litkovitz was the "sixth in a series of frivolous complaints filed by Plaintiff over the past two years." *Jordan v. Pinkett-Smith*, Case No. 1:23-cv-00137, (Doc. 4). Thereafter, on April 24, 2023, Judge Barrett adopted the Report and Recommendation and declared Plaintiff "a vexatious litigator" who was "enjoined and prohibited from filing any additional complaints in the Southern District of

Ohio that have not first been certified as non-frivolous by an attorney in good standing in this Court or the jurisdiction in which he or she is admitted." *See Jordan v. Pinkett-Smith*, Case No. 1:23-cv-00137, (Doc. 8 at 4).

However, because this case was removed to this court, and not initially filed here, no pre-filing restrictions were enforced. In yet another case filed by Plaintiff, *Terrell D. Jordan aka Tracy D. Halsell v. Shawn Jay Z Carter, et al*., Case Number 1:23cv479 (see Doc. 9), the undersigned recommended in a Report and Recommendation now pending before Judge Cole, that the existing pre-filing requirements imposed on Plaintiff be expanded to include cases removed from state court to federal court.

Accordingly, the undersigned again recommends that in the event Plaintiff files any new action in a state court that is subsequently removed to federal court, plaintiff must comply with the restrictions outlined by the Court in *Jordan v. Pinkett-Smith* and, within 30 days following the removal, submit a certification in the removed case stating that he has complied with the restrictions.

<u>Conclusion</u>

For the reasons stated herein, **IT IS RECOMMENDED** that Defendant's motion to dismiss (Doc. 7) is well-taken and should be **GRANTED** and this matter be **TERMINATED** on the active docket of the Court. It is **further recommended** that in the event Plaintiff files any new action in a state court that is subsequently removed to federal court, **plaintiff must comply with the restrictions outlined by the Court in**

***Jordan v. Pinkett-Smith*** and, within 30 days following the removal, submit a certification in the removed case stating that he has complied with the restrictions.

<div style="text-align: right;">

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

</div>

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| TRACEY HALSELL, A/K/A TERRELL JORDON | |
| Plaintiff, | Case No. 1:23-cv-405 |
| vs. | Barrett, J. |
| | Bowman, M.J. |
| PEOPLEREADY INC., et al., | |
| Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).